

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 50064 | **DATE** | 8/14/2002 |
| **CASE TITLE** | O'NEIL vs. ROCKFORD HOUSING | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, defendant's motion for summary judgment is granted. The court declines to exercise supplemental jurisdiction over the state law claim. This case is dismissed in its entirety. Plaintiff's motion to amend his complaint to add additional state law claims is denied as moot. All pending motions are denied as moot.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| X | Notices mailed by judge's staff. | | AUG 15 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| X | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| X | Copy to judge/magistrate judge. | | 8-15-02 | |
| | /SEC  courtroom deputy's initials | 02 AUG 15 PM 3:25 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

(Reserved for use by the Court)

# MEMORANDUM OPINION AND ORDER

Plaintiff, Brett O'Neil, brought this action pro se against defendant, Rockford Housing Authority, his former employer, claiming disparate treatment and hostile work environment racial discrimination, 42 U.S.C. § 2000e et seq. ("Title VII"), discrimination on the basis of disability, 42 U.S.C. S 12101 et seq. ("ADA"), denial of due process and state law defamation. Jurisdiction is proper under 42 U.S.C. §§ 2000e-5 (f) (3) (Title VII) 12117 (a) (ADA), and 28 U.S.C. § 1331 and the court has supplemental jurisdiction of the state law claim under 28 U.S.C. 1367 (a). Defendant moved for summary judgment on the federal discrimination claims and asks the court to decline to exercise supplemental jurisdiction over the defamation claim and to dismiss it.

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); See Hall v. Bodine Elec. Co., 276 F.3d 345, 352 (7th Cir. 2002). In order to avoid summary judgment, a plaintiff needs to supply evidence sufficient for a jury to render a verdict in plaintiff's favor. See Basith v. Cook County, 241 F.3d 919, 926 (7th Cir. 2001).

In its reply brief, defendant asks the court to strike plaintiff's LR 56.1 (b)(3)(A) statement because it does not contain concise responses to the facts set out in defendant's LR 56.1 (a) statement and does not contain appropriate citations to supporting documentation in the record. On a summary judgment motion, "[t]he facts must be established through one of the vehicles designed to ensure reliability and veracity–depositions, answers to interrogatories, admissions and affidavits. When a party seeks to offer evidence through other exhibits, they must be identified by affidavit or otherwise made admissible in evidence." Martz v. Union Labor Life Ins. Co., 757 F.2d 135, 138 (7th Cir. 1985); see also Woods v. City of Chicago, 234 F.3d 979, 988 (7th Cir. 2000), cert. denied, __ U.S. __, 122 S.Ct. 354 (2001) (court may consider properly authenticated and admissible documents). Plaintiff has submitted two affidavits (discussed below) in support of his opposition to summary judgment. The other documents submitted by plaintiff have not been identified by affidavit nor has any other basis for admissibility of these documents been provided. Therefore, the court cannot consider these documents. See Id. Plaintiff's LR 56.1(b)(3)(A) statement is stricken except to the extent it is supported by the affidavits.

Plaintiff's LR 56.1(b)(3)(B) statement of additional uncontested material facts is also deficient and cannot be considered. LR 56.1 (b)(3)(B) requires the party opposing summary judgment to file "a statement consisting of short numbered paragraphs, of any additional facts that require the denial of summary judgment, including references to the affidavits, parts of the record, and other supporting materials relied upon." Plaintiff's statement is mostly devoid of any references to supporting materials. To the extent any references are included, they are to documents which are not admissible. Therefore, plaintiff's LR 56.1 (b)(3)(B) statement of additional facts will not be considered by the court. See Greer v. Bd of Educ. of the City of Chicago, 267 F.3d 723, 727 (7th Cir. 2001) (pro se plaintiff required to adhere to LR 56.1).

The court will consider the affidavits of Norman Pickett and Lorraine Michele Reynolds which are plaintiff's only arguably admissible evidence. Defendant has asked these be stricken as well. The court declines to strike the affidavits but will only consider those portions which are not hearsay. Mr. Pickett's affidavit establishes he went to a motel and found plaintiff extremely depressed and suicidal on March 29, 2000. After many hours of counseling he drove plaintiff to employee assistance and the hospital on the morning of March 30, 2000. He delivered a letter written by plaintiff to defendant's executive director on March 30, 2000. Pickett states the letter explained plaintiff's deep depression, suicidal thoughts and made clear plaintiff was on the way to the hospital and would need to be excused from work. It does not say how Pickett knew the contents of the letter. His testimony concerning the contents is inadmissible hearsay. Reynolds affidavit states on March 29, 2000, she received a call from, and then met with, defendant's executive director who asked her to go talk to plaintiff, who was suicidal. She was told by the executive director, to take whomever, and whatever time, she needed to convince plaintiff to admit himself to the hospital or speak with an EAP counselor and that plaintiff would not be terminated if he followed these steps. Ms. Reynolds affidavit also recites several instances of what she believes were racial discrimination against other African-American employees of defendant, states that the executive director was convicted of DUI but remains the executive director, and asserts "[a]ll items that were supposedly stolen were accounted for as well as monies."

Defendant's evidence submitted in support of summary judgment shows plaintiff was absent from work for eight working days. (LR 56.1 (a) ¶ 3) During this period he left two messages for the executive director stating he was sick but not saying where he was or when he would return to work. (Id. ¶ 4) Defendant was unable to contact plaintiff during this time period. (Id. ¶5) On March 27, 2000, defendant's director of security, Paul Hackerson, received a phone message from a gas station indicating plaintiff's company credit card had been used to pay for gasoline for a vehicle not belonging to defendant and for food. (Id. ¶22) At the time of this call, plaintiff had not reported to work for one week. (Id. ¶23) Ultimately, Hackerson located defendant at a motel. (Id. ¶25) His ongoing investigation revealed financial irregularities including unauthorized charges, double billing for business trips, and missing equipment totaling an amount of $14,092.92 missing from defendant attributable to plaintiff. (Id. ¶ ¶ 26-28, 30) Defendant terminated plaintiff's employment on March 29, 2000. (Id.¶ 31)

To establish a race discrimination disparate treatment claim plaintiff must present direct evidence of discrimination or proceed under the indirect method. Plaintiff does neither. He presents no direct evidence. Under the indirect method, plaintiff must establish a prima facie case by showing (1) he belongs to a protected class; (2) he was meeting his employer's legitimate expectations; (3) he suffered a materially adverse employment action; and (4) other similarly situated employees were treated differently. See Traylor v. Brown, No. 01-2542 2002 WL 1484483 *3 (7th Cir. July 12, 2002). Plaintiff has presented no evidence he was meeting his employer's legitimate expectations nor that other similarly situated employees were treated differently. Reynolds's affidavit does not show plaintiff and the executive director were similarly situated. There is no evidence the executive director was absent from work at anytime while the evidence shows plaintiff was absent for eight working days. Further, there is no evidence to show that an employee could be absent for eight days, like plaintiff was, and be considered to be meeting defendant's legitimate expectations.

Plaintiff has presented no evidence concerning the work environment at all much less any evidence of a racially hostile work environment. There is no evidence from which to conclude the work environment was either subjectively or objectively hostile. See Logan v. Kautex Textron North America, 259 F.3d 635, 641 (7th Cir. 2001).

To establish a prima facie case of disability discrimination plaintiff must show (1) he was disabled within the meaning of the ADA; (2) he is qualified to perform the essential functions of his job either with or without reasonable accommodation; and (3) he suffered an adverse employment action because of his disability. Dvorak v. Mostardi Platt Assoc., Inc., 289 F.3d 479, 483 (7th Cir. 2002). Plaintiff presents no evidence he has a disability or that he sought and was denied a reasonable accommodation. While plaintiff argues he has bi-polar disorder, the evidence only shows Pickett believed him to be extremely depressed and suicidal on March 29, 2000. Plaintiff already had been missing from work for several days. At no time prior to his discharge did plaintiff tell defendant he had bi-polar disorder nor is there any admissible evidence that he has the disorder. Defendant fired plaintiff for not coming to work and for misusing company property. There is no evidence an alleged disability of plaintiff was a factor in defendant's decision to terminate plaintiff.

In his complaint, plaintiff mentions a denial of due process. However, plaintiff has presented no evidence he had a protected property interest in his job so due process is not implicated. See Garcia v. Kankakee County Hous. Auth., 279 F.3d 532, 535 (7th Cir.2002). Defendant's motion for summary judgment is granted.

Summary judgment on the federal claims leaves only the state law defamation claim. When the court disposes of all the federal claims before trial, relinquishing jurisdiction over pendant state law claims is the norm not the exception. Contreras v. Suncast Corp., 237 F.3d 756, 766 (7th Cir.), cert. denied, __ U.S. __, 122 S.Ct. 62 (2001) ; see 28 U.S.C. § 1367(c)(3). The court finds no extraordinary circumstances warranting retention of supplemental jurisdiction. Accordingly, the court declines to exercise supplemental jurisdiction over the state law claim and it is dismissed. Plaintiff's motion to amend his complaint to add additional state law claims is denied as moot. All pending motions are denied as moot.

AO 450(Rev. 5/85)Judgment in a Civil Case

# United States District Court
## Northern District of Illinois
### Western Division

Brett J. O'Neil

v.

Rockford Housing Authority

**JUDGMENT IN A CIVIL CASE**

Case Number: 01 C 50064

☐ Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury rendered its verdict.

■ Decision by Court. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that defendant's motion for summary judgment is granted. The court declines to exercise supplemental jurisdiction over the state law claim. This case is dismissed in its entirety. Plaintiff's motion to amend his complaint to add additional state law claims is denied as moot. All pending motions are denied as moot.

All orders in this case are now final and appealable.

Michael W. Dobbins, Clerk of Court

Date: 8/15/2002

Susan M. Wessman, Deputy Clerk